IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER ROS LAZO,    :    No. 3:25-CV-1951
        **Petitioner**    :

                                  :    **(Judge Munley)**

  **v.**    :

                                    :

**WARDEN of LSCI-ALLENWOOD,**    :
        **Respondent**    :

## MEMORANDUM

Petitioner Alexander Ros Lazo, a Cuban national who is currently confined at the Federal Correctional Institution, Allenwood Low (FCI Allenwood Low), in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons (BOP) has failed to properly apply time credits he has earned under the First Step Act of 2018 (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), toward time in prerelease custody solely because of his immigration status. After careful consideration, the court is constrained to hold that Ros Lazo's prerelease custody claim is not cognizable on habeas review, so his Section 2241 petition must be dismissed for lack of jurisdiction.

## I.    BACKGROUND

Ros Lazo is currently serving an 87-month sentence imposed by the United States District Court for the Southern District of Florida for conspiracy to commit

health care fraud. (Doc. 12-2 ¶ 3; Doc. 12-3 at 3). His projected release date, applying good conduct time and 365 days of FSA credits, is August 16, 2026. (See Doc. 12-3 at 3).

As of September 16, 2025, Ros Lazo had earned 365 FSA time credits toward early release and an additional 340 FSA time credits toward time in prerelease custody either at a Residential Reentry Center (RRC) or on home confinement. (See Doc. 1-2 at 1); 18 U.S.C. § 3624(g)(2). Although the BOP has applied 365 FSA credits to early release, resulting in an additional year off Ros Lazo's statutory release date, Ros Lazo alleges that the BOP has refused to apply the additional 340 FSA credits toward time in prerelease custody. (See Doc. 1 at 2). According to Ros Lazo, the BOP's categorical refusal to apply FSA credits to prerelease custody is based on his immigration status and his participation in the Institution Hearing Program (IHP). (See id.).

Thus, the dispute in the instant petition involves application toward time in prerelease custody of Ros Lazo's remaining 340 FSA credits, hereinafter referred to as "excess" credits. Ros Lazo maintains that he is statutorily eligible for application of these excess credits and that the plain language of the FSA requires the BOP to apply all excess credits toward time in prerelease custody regardless of his immigration status or IHP participation.

Respondent opposes Ros Lazo's petition.  (See generally Doc. 12). Respondent contends that placement in prerelease custody is purely within the BOP's discretion and that Ros Lazo has no right or entitlement to transfer to an RRC or home confinement regardless of the number of FSA time credits he has earned.

After requesting a short extension, Ros Lazo timely filed a traverse on January 13, 2026.  (Doc. 13).  His Section 2241 petition, therefore, is ripe for disposition.

## II.    DISCUSSION

Ros Lazo's argument is straightforward.  He maintains that (1) he is statutorily eligible—under the prerequisites set forth in 18 U.S.C. § 3624(g)—for application of the FSA time credits that he has earned by successfully participating in FSA programming, regardless of his immigration status or IHP participation; (2) 18 U.S.C. § 3632(d)(4)(C) requires the BOP to apply his excess credits to time in prerelease custody; and (3) the agency's failure to do so violates the First Step Act.

Respondent first asserts that Ros Lazo's petition should be dismissed because he failed to exhaust administrative remedies.  Respondent next contends that Ros Lazo's petition is not cognizable on habeas review.  Finally, Respondent posits that the petition fails on the merits.

Because Ros Lazo's petition involves an issue of purely statutory construction, administrative exhaustion is excused. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). As to Respondent's additional arguments, the court finds that it cannot proceed beyond the second. That is, Ros Lazo's Section 2241 challenge, which he claims implicates the "execution" of his sentence, is not cognizable on habeas review in this circuit. Thus, the court cannot reach the merits of Ros Lazo's FSA prerelease custody claim and instead must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus primarily involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—a prisoner may also challenge the "execution" of their sentence via a petition under 28 U.S.C. § 2241. See id. at 241-44. In Woodall, the petitioner asserted a challenge to BOP regulations that affected whether he served a portion of his sentence in a federal penal institution or in a "Community Corrections Center" (CCC).[1] See id. at 237.

---

[1] The term "Community Corrections Center" is the precursor to what is now referred to by the BOP as a "Residential Reentry Center," sometimes colloquially called a halfway house. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 n.1 (3d Cir. 2015) (per curiam)

4

The Third Circuit agreed with the Second, Sixth, Ninth, and Tenth Circuits and held that habeas jurisdiction lies for prisoners challenging the "manner of their imprisonment," including the place of confinement, when the differences in custody reflect more than a "simple" or "garden variety" prison transfer. See Woodall, 432 F.3d at 242-43. The panel highlighted the significant disparities between carrying out a sentence in a CCC and carrying out a sentence in an ordinary penal institution and concluded that the petitioner's claim was a "proper challenge to the 'execution' of his sentence," and thus "habeas jurisdiction lies." Id. at 243-44.

Following Woodall, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the Woodall panel conceded that the precise meaning of this phrase is "hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the court of appeals endeavored to clarify execution-of-sentence habeas challenges in the Third Circuit. The Cardona panel first performed an in-depth review of Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas claims and had determined that the

---

(nonprecedential) ("In 2006, the BOP began referring to 'Community Corrections Centers' as 'Residential Reentry Centers' ('RRCs')[.]").

5

claims presented were cognizable under Section 2241.  See Cardona, 681 F.3d at 536-37.

From these decisions, the Cardona panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order.  See id.  The reason the petitioners in Woodall and McGee could seek review of the execution of their sentences under Section 2241, the court of appeals explained, was because their petitions "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."  Id. at 536.  The Cardona panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  Id. at 537.  In that case, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.  See id. at 537, 538.

The same is true for Ros Lazo's petition.  Ros Lazo has not alleged, let alone established, that the BOP's conduct is somehow inconsistent with an express command or recommendation in his sentencing judgment.  Indeed, there is nothing in Ros Lazo's sentencing judgment discussing or even alluding to

prerelease custody. <u>See</u> <u>United States v. Ros Lazo</u>, No. 1:18-cr-20536, Doc. 73 (S.D. Fla. Mar. 6, 2019). Accordingly, his petition does not properly challenge the "execution" of his sentence as defined by <u>Cardona v. Bledsoe</u>, so this court has no jurisdiction to consider his habeas claim. <u>See</u> <u>Cardona</u>, 681 F.3d at 537, 538.

The court is aware that case law within this circuit undoubtedly creates confusion as to jurisdiction for Section 2241 execution-of-sentence claims challenging prerelease custody placement. Most notably, in <u>Vasquez v. Strada</u>, 684 F.3d 431 (3d Cir. 2012) (per curiam)—a precedential decision issued just 18 days before <u>Cardona v. Bledsoe</u>—the Third Circuit plainly stated that a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." <u>Vasquez</u>, 684 F.3d at 433 (citing <u>Woodall</u>, 432 F.3d at 243-44). In <u>Vasquez</u>, the petitioner was not asserting that a BOP action was inconsistent with a command or recommendation in his sentencing judgment; rather, he claimed that the BOP had failed to comply with the federal prisoner reentry initiative with respect to RRC placement and that the BOP had improperly amended 18 U.S.C. § 3621(b) by adding a sixth factor. <u>See id.</u> Nevertheless, the court of appeals did not find that the Section 2241 petition must be dismissed for lack of jurisdiction based on the substance of the petitioner's habeas claim.

7

Instead, the panel perfunctorily found the petitioner's prerelease custody claim to be cognizable. See id. (citing Woodall, 432 F.3d at 243-44).[2]

Additionally, multiple nonprecedential Third Circuit decisions have stated that challenges to the execution of a sentence involving placement in prerelease custody are cognizable under Section 2241. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015) (per curiam) (nonprecedential) ("Brown's challenge to the BOP's failure to transfer him to an RRC lies under § 2241[.]" (citing Woodall, 432 F.3d at 243-44)); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (per curiam) (nonprecedential) ("Wilson may resort to federal habeas corpus to challenge a decision to limit his RRC placement[.]"(citing Woodall, 432 F.3d at 243-44)); Guess v. Werlinger, 421 F. App'x 215, 217 (3d Cir. 2011) (per curiam) (nonprecedential) (finding that habeas jurisdiction lies for challenge to BOP policy involving prerelease custody placement, concluding that petitioner's challenge "implicates the execution of his sentence" (citing Woodall, 432 F.3d at 243)). None of these cases involved an allegation that the BOP's conduct was

---

[2] Vasquez v. Strada was initially issued on June 1, 2012, as a nonprecedential decision. See Vasquez, No. 12-1114, Doc. 003110916790 (3d Cir. June 1, 2012). Four days later, the government (appellee) moved to designate the decision as precedential under Third Circuit I.O.P. 5.2. See id., Doc. 003110919478 (3d Cir. June 5, 2012). That motion was granted on June 20, 2012, when the opinion was designated as a precedential opinion by the circuit. See id., Doc. 003110933704 (3d Cir. June 20, 2012). It does not appear that the government ever raised a jurisdictional challenge (other than failure to exhaust administrative remedies) to Vasquez's petition with the district court or the court of appeals. See generally Vasquez v. Strada, No. 3:11-cv-01710, Doc. 8 (M.D. Pa. Oct. 17, 2011).

inconsistent with a sentencing command or recommendation, even Brown v. Warden Fairton FCI, which opinion issued three years *after* Cardona v. Bledsoe was decided. See Brown, 617 F. App'x at 118 (claiming failure to transfer to prerelease custody pursuant to 18 U.S.C. § 3621(b)); Wilson, 474 F. App'x at 47 (raising challenge to BOP's application of Second Chance Act with respect to length of petitioner's RRC placement); Guess, 421 F. App'x at 217 (challenging validity of BOP policy regarding timing of prerelease custody review). Yet the court of appeals did not find jurisdiction lacking for these petitions based on the substance of the petitioners' claims.

There are, on the other hand, numerous nonprecedential Third Circuit decisions that rely on Cardona v. Bledsoe to find a lack of jurisdiction for certain Section 2241 execution-of-sentence claims, although the court has been unable to locate such a decision that specifically concerns transfer to prerelease custody. See, e.g., Morgan v. Warden of USP-Allenwood, No. 24-1508, 2025 WL 325753, at *1 (3d Cir. Jan. 29, 2025) (nonprecedential); Reynolds v. Warden Schuylkill FCI, No. 24-1942, 2024 WL 4164271, at *2 (3d Cir. Sept. 12, 2024) (nonprecedential); Moslem v. Warden, F.C.I. Fort Dix, No. 23-2819, 2024 WL 658976, at *1-2 (3d Cir. Feb. 16, 2024) (nonprecedential); Johnson v. Warden Lewisburg USP, 694 F. App'x 59, 59-60 (3d Cir. 2017) (nonprecedential); Johnson v. Warden Lewisburg USP, 668 F. App'x 415, 416-17 (3d Cir. 2016)

9

(nonprecedential); <u>Rinaldi v. Warden Allenwood FCI</u>, 598 F. App'x 809, 809-10 (3d Cir. 2015) (nonprecedential); <u>Gillette v. Territory of Virgin Islands</u>, 563 F. App'x 191, 194-95 (3d Cir. 2014) (nonprecedential); <u>Share v. Krueger</u>, 553 F. App'x 207, 209 (3d Cir. 2014) (nonprecedential); <u>Cardona v. Thompson</u>, 551 F. App'x 630, 632 (3d Cir. 2013) (nonprecedential); <u>Shelton v. Thomas</u>, 537 F. App'x 63, 63-64 (3d Cir. 2013) (nonprecedential); <u>Shelton v. Samuels</u>, 523 F. App'x 177, 177 (3d Cir. 2013) (nonprecedential).  In one case, the petitioner was challenging his confinement on home detention, but the court of appeals explained that a period of home detention was expressly ordered in his judgment of sentence and therefore he was actually challenging the "*validity* of [his] judgment, not its execution."  <u>See</u> <u>Kaetz v. United States</u>, No. 22-1286, 2022 WL 1486775, at *1-2 (3d Cir. May 11, 2022) (nonprecedential).

In light of the seemingly contradictory nature of the foregoing precedential and nonprecedential decisions, it is understandable why a *pro se* petitioner like Ros Lazo would attempt to seek relief through Section 2241 for his prerelease custody claim.  After all, neither <u>Cardona v. Bledsoe</u> nor its nonprecedential progeny confronted the type of issue presented here: the right to be transferred from a federal correctional institution to prerelease custody based on mandatory language contained in a federal statute.

Nevertheless, this court is bound by <u>Cardona</u>'s strict jurisdictional requirements for Section 2241 petitions. <u>Cardona</u> is the latest precedential decision to fully consider and delineate the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit.[3] Under <u>Cardona</u>'s rigid boundaries, Ros Lazo's habeas petition is simply not cognizable. The court offers no opinion regarding the availability of other potential avenues of review for Ros Lazo's First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

## III.    CONCLUSION

Under <u>Cardona v. Bledsoe</u>, 681 F.3d 533 (3d Cir. 2012), execution-of-sentence habeas claims in the Third Circuit are tightly circumscribed. Ros Lazo's

---

[3] In <u>Romano v. Warden</u>, 779 F. Supp. 3d 498 (D.N.J. 2025) (O'Hearn, J.), the United States District Court for the District of New Jersey reached a similar conclusion regarding <u>Cardona v. Bledsoe</u>'s strict jurisdictional limits for execution-of-sentence claims raised in Section 2241 petitions. There, Judge O'Hearn noted that the BOP's sudden revocation of the petitioner's placement on home confinement, which appeared to have been "unfair, unjust, and done without any process," thus raising "serious concerns" for the district court, still could not create habeas jurisdiction where it was lacking. See <u>Romano</u>, 779 F.3d at 506 n.11, 508. Judge O'Hearn further explained, however, that "if § 2241 does not provide jurisdiction over placement decisions under Third Circuit law, a petitioner in Mr. Romano's position is left without any forum to vindicate a serious constitutional wrong. In that respect, the Second Circuit's approach, which allows for habeas relief in such circumstances, appears more faithful to the animating principles of the Suspension Clause. Perhaps the Third Circuit will reconsider or modify its approach under the facts of this case." <u>Id.</u> at 506 n.11. The petitioner in <u>Romano v. Warden</u> has appealed, and his appeal remains pending in the Third Circuit. See <u>Romano v. Warden</u>, No. 25-1876 (3d Cir. May 8, 2025). Therefore, it is possible that the Third Circuit will oblige Judge O'Hearn (and numerous habeas petitioners similarly situated to Ros Lazo) and "reconsider or modify" its stringent jurisdictional holding in <u>Cardona v. Bledsoe</u>. Until such time, this court remains bound by <u>Cardona</u> and its strict jurisdictional limits on execution-of-sentence claims in Section 2241 petitions.

Section 2241 petition, which challenges the BOP's failure to transfer him to prerelease custody based on the First Step Act—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment—fails to meet the stringent jurisdictional requirements set forth in <u>Cardona</u>.  Accordingly, Ros Lazo's Section 2241 petition must be dismissed for lack of jurisdiction.  An appropriate Order follows.

Date: 4/8/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

12